**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos L. Payne, | No. CV-25-01261-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Shalash Sales LLC, et al., | |
| Defendants. | |

There are three pending Motions before the Court: (1) Plaintiff's Motion for Default Judgment (Doc. 20); (2) Defendants' Motion to Vacate Default Judgment (Doc. 22); and (3) Defendants' Motion to Set Aside Default (Doc. 30). Having considered the parties' briefing (Docs. 20, 22, 27, 30, 32), the Court now rules as follows.[1]

## I.    BACKGROUND

Defendant Shalash Sales LLC ("Shalash Sales") is a used motor vehicle dealer. (Doc. 1 at 2, ¶ 9). Defendant Husam Shalash is the sole owner of Shalash Sales. (*Id.* at ¶¶ 11–12). In 2024, Shalash Sales advertised a mustang (the "Vehicle") for sale that had

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

104,715 miles[2] on its odometer. (*Id.* at 4–5, ¶¶ 35–38). During the parties' conversations, Shalash Sales allegedly represented to Plaintiff that the Vehicle's odometer was a true and accurate representation of the Vehicle's milage. (*Id.* at 5, ¶ 40). Relying on Shalash Sales' alleged representation, Plaintiff purchased the Vehicle. (*Id.* at 5, 8, ¶¶ 45, 71). Plaintiff subsequently learned the Vehicle's odometer had been altered by Defendants and/or a third party so that the odometer read 104,715 miles, when in reality the Vehicle had over 202,730 miles on it. (*Id.* at 7–9, ¶¶ 59, 61–62, 64–65, 75–76). Plaintiff alleges that he would not have purchased the Vehicle had he known about its true milage. (*Id.* at 8, ¶ 73).

On April 15, 2025, Plaintiff filed a Complaint against Defendants for a violation of the Federal Odometer Fraud Act. (Doc. 1). Defendants did not appear or respond to the Complaint by the response deadline. As a result, Plaintiff filed Applications for Entry of Default against Defendants. (Docs. 9, 14). The Clerk of Court entered default against Defendant Shalash Sales on June 13, 2025 (Doc. 10), and Defendant Shalash on September 8, 2025, (Doc. 16). On October 27, 2025, Plaintiff filed a Motion for Default Judgment. (Doc. 20). Roughly one week later, Defendant Shalash filed a *pro se* Motion to Vacate Default Judgment on behalf of himself and Defendant Shalash Sales. (Doc. 22). Because business entities cannot appear *pro se*, the Court stated that the Motion to Vacate Default Judgment will only be considered to the extent it was filed by Defendant Shalash. (Doc. 26 at 2). On November 26, 2025, Defendants concurrently filed a Notice of Appearance of Counsel (Doc. 29) and a Motion to Set Aside Default (Doc. 30).

## II.    LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure ("FRCP") states "[t]he court may set aside an entry of default for good cause." In determining whether good cause exists, courts in the Ninth Circuit consider the three *Falk* factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has [no] meritorious defense, and (3) whether

---

[2] It is unclear whether the Vehicle's mileage was represented at 104,715 miles or 113,456 miles as Plaintiff alleges both mileages in the Complaint. (*Compare* Doc. 1 at 4, ¶ 34, *with* Doc. 1 at 5, ¶ 38; *see also* Doc. 1-1 at 3, 6–7).

2

culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674, 681 (D. Ariz. 1993) (alternatively stating the third factor as "whether good cause exists for the party's default."); *Amazon.com Inc. v. Elly Infotech LLC*, No. CV-23-02353-PHX-DWL, 2024 WL 961233, at *1 (D. Ariz. Mar. 6, 2024) (applying the *Falk* factors to a motion to set aside default). If any one of these factors is true, the court has sufficient reason to refuse to set aside the default. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"). However, the court's discretion under Rule 55(c) is "especially broad," and any doubt should be resolved "in favor of setting aside the entry of default and deciding the case on its merits." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463. "The movant 'bears the burden of proving the existence of a justification' to set aside the default." *Echols v. SafeRent Sols. LLC*, No. CV-22-00788-PHX-DWL, 2022 WL 4970312, at *2 (D. Ariz. Oct. 4, 2022) (quoting *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)).

### III.    DISCUSSION

The Court will begin by addressing Defendant's Motion to Set Aside Default because, if that motion were granted, Plaintiff's Motion for Default Judgment would become moot. *See, e.g.*, *Troy-CSL Lighting, Inc. v. Bath Kitchen Decor, LLC*, No. CV 13-8834 GAF (VBKx), 2014 WL 12911165, at *5 (C.D. Cal. Aug. 28, 2014) ("In light of the Court's decision to set aside the entry of default against Defendants, Plaintiff's application for default judgment must be denied. . . . Plaintiff can no longer meet Rule 55(b)'s procedural requirements for default judgment.").

Defendants argue good cause exists to set aside the entry of default because Defendants have meritorious defenses, Defendants' conduct was not culpable, and Plaintiff would not be prejudiced as this case is in the early stages of litigation. (Doc. 30 at 2–3). Plaintiff argues the procedural history shows "a sustained failure to act despite repeated

notice," (Doc. 32 at 1), and Defendants "do not show they have a meritorious defense," (*Id.* at 6). Plaintiff further argues the delay has materially prejudiced him as continued delays in litigation will "impair [his] ability to obtain timely relief." (*Id.* at 7). The Court will address each of the *Falk* factors in turn.

### A. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[A] plaintiff is prejudiced if his ability to pursue his claim has been 'hindered' due to delay resulting in such tangible harms as the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Echols*, 2022 WL 4970312, at *3 (citing *TCI Grp. Life Ins. Plan*, 244 F.3d at 701).

Vacating the entry of default will not burden Plaintiff's ability to pursue his claim. Plaintiff argues the delay has materially prejudiced him because he "has continued making the loan payments on a vehicle he cannot sell at fair value because of the mileage discrepancy," (Doc. 32 at 6–7), but "the delay in reaching final judgement that will result from setting aside default here is no greater than the delay that would be present had Defendants timely appeared and responded to the initial complaint." *AJF Inspections Inc. v. IOC Franchising LLC,* No. CV-22-01922-PHX-JAT, 2023 WL 3568210, at *4 (D. Ariz. May 19, 2023). No substantive litigation decision has occurred yet, and Plaintiff has not shown that any loss of evidence, increased difficulties of discovery, or any other tangible harm will result if the Court sets aside the entry of default. *See Echols*, 2022 WL 4970312, at *3. Accordingly, Plaintiff will not be prejudiced if the entry of default is set aside by the Court.

### B. Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094 (citation omitted). The burden is not extraordinarily heavy. *Id.* All Defendant must do is "allege sufficient facts that, if true,

would constitute a defense—the truth of those facts is the subject of the later litigation." *Echols*, 2022 WL 4970312, at *3 (internal quotation marks omitted) (citing *Mesle*, 615 F.3d at 1094).

Defendants assert they "have never purchased a vehicle designated TMU [("true milage unknown")," but even if they inadvertently had, they would not know if the Vehicle was deemed a TMU because Defendants do not receive a vehicle's title when they purchase it with a car financing plan. (Doc. 30 at 3). Defendants also assert that "there was a clerical mistake when entering the [Vehicle's] odometer mileage," and "a non-party recorded the wrong odometer mileage." (*Id.*). If true, these facts would constitute a defense.

Plaintiff argues Defendants' assertion is not supported by any evidence or documentation, (Doc. 32 at 6), but the Court only considers whether the allegations in the Motion assert a meritorious defense, not whether the allegations are sufficiently supported. *See Worldwide Assocs., Inc. v. Golden Mark Maint. Ltd.*, No. Civ.A. 99–5889, 2000 WL 795894, at *1 n.3 (E.D. Pa. June 9, 2000) ("Where the defendant has not answered the complaint, the allegations of its motion to vacate the default judgment determine whether defendant has asserted a meritorious defense."); *Sosa v. Bridge Store, Inc.*, Nos. 1:10–cv–01494–OWW–SKO, 1:10–cv–01577–OWW–SKO, 2011 WL 1332049, at *3 (E.D. Cal. Apr. 6, 2011) (stating a defendant does not have "to prove their contentions to establish a meritorious defense" but simply must show "that a meritorious defense [is] presented in [their] motion to set aside."); *see also Beitman v. Correct Clear Sols.*, No. CV-17-03829-PHX-JAT (BSB), 2018 WL 11280509, at *2 (D. Ariz. Nov. 30, 2018) (concluding the meritorious defense factor was satisfied because the motion to set aside asserted "numerous affirmative defenses, which [were] accompanied by sufficient, specific facts."); *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2017 WL 11440760, at *2 (D. Ariz. Aug. 7, 2017) (finding that prior proceedings did not impact whether the defendants "presented specific allegations that could constitute a defense" in their motion to set aside entry of default). Thus, the Court finds Defendants' assertions are sufficient to meet Defendants' minimal burden for this factor.

### C. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (alteration in original) (citation omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer." *Id.* Rather, "the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (internal quotation marks and citation omitted). A defendant is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.*

Here, there is no evidence that Defendants acted in bad faith or in an otherwise culpable manner. Defendants claim they mistakenly believed that they had properly filed an answer but did not learn of their mistake until Defendant Shalash returned to the U.S. after traveling internationally (Doc. 30 at 2). Upon his return, Defendant Shalash filed a *pro se* Motion to Vacate Default Judgment. (Doc. 22). Although the Motion to Vacate Default Judgment can only be considered to the extent it was filed by Defendant Shalash, it is evident that Defendants took affirmative steps to appear in this case and correct their error. (Doc. 26 at 1–2). Plaintiff argues that Defendants' current explanation contradicts Defendants' previous explanations, constituting a pattern of culpable conduct and dispelling any claim of good faith. (Doc. 32 at 3–5). But there is no indication that Defendants failed to respond to gain some advantage in this litigation. *See Yellowcake, Inc. v. UMG Recordings, Inc.*, No. 1:22-cv-01109-JAM-CSK, 2025 WL 307503, at *2 (E.D. Cal. Jan. 27, 2025) ("Defendants have provided a good faith explanation for their delay[,] and in the absence of other equitable factors such as prejudice, 'simple carelessness' is not

sufficient to deny a defendant's motion to set aside default judgment."). Therefore, the Court finds that Defendants did not engage in culpable conduct that led to default.

### IV.    CONCLUSION

In sum, the Court finds that none of the factors that would negate good cause to set aside the entry of default are met. Defendants' Motion to Set Aside Default will be granted. It follows that Plaintiff's Motion for Default Judgment (Doc. 20) and Defendants' Motion to Vacate Default Judgment (Doc. 22) are moot.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Set Aside Default (Doc. 30) is **granted**. The Clerk's Entries of Default (Docs. 10, 16) are **vacated**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 20) and Defendants' Motion to Vacate Default Judgment (Doc. 22) are **denied as moot**.

Dated this 6th day of May, 2026.

Honorable Steven P. Logan
United States District Judge

7